**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VIPANPREET SINGH VIRK** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-6017** |
| | : | |
| **JOHN E. RIFE, *et al.*** | : | |

**ORDER**

This 20th day of August, 2026, upon consideration of Petitioner Vipanpreet Singh Virk's Petition for Writ of Habeas Corpus, ECF 1, and the Government's Response, ECF 4, it is hereby **ORDERED** that the Petition is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that:

1. The Court finds that Mr. Singh Virk is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2]

---

[1] The central legal issues presented by this Petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4–7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill*, No. 25-cv-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.).

[2] The Government does not specify which precedent it seeks to invoke from the Board of Immigration Appeals. Regardless, but what is relevant is that Petitioner is no longer actively "seeking admission" within the meaning of § 1225(b) as it has been construed by this Court and many others across the country. *See Cabeza Cordero v. Rose*, No. 26-cv-534, Dkt. No. 5, at 5 n.10 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (rejecting a detention based on *Q. Li* because "it is immaterial whether the Government detained Petitioner as an applicant 'seeking admission' under Section 1225(b) when Petitioner first crossed the border in 2022. What matters is that he was not actively seeking admission within the meaning of that Section when he was re-arrested"); *see also Butskhrikdze v. Jamison*, No. 26-cv-730, 2026 WL 446644, at *5 (E.D. Pa. Feb. 17, 2026) (Costello, J.) (collecting cases).

Shifting to a broader lens, one is hard-pressed to accept that Congress intended to mandate detention of all immigrants in the United States who lacked permission to enter, and even more hard-pressed that it would have done so in such an opaque fashion. This is reinforced by the fact that no prior Administration has adopted the view now advanced by the Government.

2. The Government shall **immediately** release Mr. Singh Virk from custody. If he has been moved out of this Judicial District, the Government shall provide transportation to 700 Arch Street in Philadelphia.

3. Upon Mr. Singh Virk's release the Government shall return all personal belongings confiscated upon or during detention, including identification documents, and certify compliance with this order no later than **4:00 p.m. ET on August 21, 2026**.

4. The Government is temporarily enjoined from re-detaining Mr. Singh Virk for seven days following his release from custody.

5. If the Government pursues re-detention of Mr. Singh Virk, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Singh Virk's removal proceedings.

---

The Government has previously cited *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as persuasive authority for its position. In my view, the majority in that case fails to account for the fact that the use of different terms between § 1225 and § 1226, such as "arriving aliens" and "inspection by immigration officers," strongly suggests that Congress intended to address two distinct situations. The Supreme Court appears to have recognized as much in *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). The majority opinion also fails to recognize that its construction of the statute would necessarily render some parts of § 1226 superfluous, a result to be avoided.

More recently, another circuit endorsed the Government's view. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Like *Buenrostro-Mendez*, *Avila* was a split decision, and Judge Erickson's dissent makes telling points about the context of the INA and the history of the IIRIRA, including his observation that "[a]ll three branches of government understood the IIRIRA to maintain the distinction between unadmitted noncitizens in the interior and those arriving at the border for detention purposes." *Id.* at 1140 (Erickson, J., dissenting).

An overwhelming majority of federal courts nationwide have rejected the Government's position, a consensus that now includes seven circuit courts. *See Guerrero Orellana v. Moniz*, No. 25-2152, --- F.4th ---, 2026 WL 2352042 (1st Cir. Aug. 13, 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *petition for cert. filed*, No. 26-104 (U.S. July 24, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 24, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ---, 2026 WL 2198315 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostoc*k, No. 25-6842, -- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).

I continue to endorse that consensus.

6. If the Government pursues re-detention of Mr. Singh Virk, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Singh Virk from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this Order. If the neutral immigration judge determines Mr. Singh Virk is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission to move Mr. Singh Virk if unforeseen or emergency circumstances arise that require his removal from this District. That request must set forth the grounds for the request and a proposed destination.

7. Upon the Government's filing of the certification required by Paragraph 3, the Clerk of Court shall mark this case as **CLOSED**.

/s/ Gerald Austin McHugh
United States District Judge